The Court

gave judgment for the defendant. It is not a case for apportionment of rent, under the act of Assembly, because there was no demise or renting of the premises. The husband of the devisee for life was in possession and residing with his wife on the land at the time of her death, *224 in October, 1854, and planted and tilled the crop for that year; and was therefore entitled to the whole of the crop upon her death, as emblements. The rule of law being that “ every one who has an uncertain estate or interest in land, if his estate determines by act of God before severance of the crop, shall have the emblements, or they go to his executor or administrator;, as if a tenant for life sows the land and die before severance. So if a man seized in right of his wife sows, and die before severance, his executor shall have the emblements; so if the wife die before severance the husband shall have them.” 2 Com. Dig. Biens (G. 2), p. 141, Co. L. 55 b. This principle of law is only changed and modified by our statute in eases of demise or renting, by such persons, and the rule for apportionment only applies in such cases; and not where the person seized of the uncertain estate is in possession and tills the' land, and dies before severance of the crop. "
C. S. Layton, for plaintiff.
Moore, for defendant.